718 A.2d 622

**Anita K. GRUSS**

v.

**Leopoldo GRUSS.**

No. 1556, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Oct. 1, 1998.

312

Michael B. Hamburg, Baltimore, for appellant.

Jeffrey P. Hanes, Towson, for appellee.

Argued before THIEME and SONNER, JJ., and ROBERT F. SWEENEY, Judge (retired, Specially Assigned).

THIEME, Judge.

The instant case has a history of some fifteen years in our judicial system. Anita K. Gruss, the appellant, challenges a judgment entered in the Circuit Court for Baltimore County whereby her Motion to Revise Judgment was denied in favor of the appellee, Dr. Leopoldo Gruss. On appeal Ms. Gruss presents two issues for our review, which we have rephrased:

1. Whether the trial court erred in ruling that the mailing of the Order of Dismissal by the clerk's office to the appellant's former address was not an "irregularity" within the contemplation of Maryland Rule 2–535(b).

2. Whether the trial court erred in ruling that the appellee's failure to include an affidavit in his Motion to Dismiss as required by Maryland Rule 2–311(d) did not constitute an "irregularity."

We agree with Ms. Gruss that the clerical error referenced in the first issue did constitute an "irregularity," thus entitling her to have the circuit court consider whether to exercise its

revisory power over the dismissal of her claim for alimony. We shall reverse and remand to the circuit court, and do not reach the second issue raised on appeal.

## Factual Background

The parties in the case at bar were granted an absolute divorce in October of 1983. Pursuant to a stipulation that was incorporated into the divorce decree, Dr. Gruss was obligated to pay alimony to Ms. Gruss in the amount of $450.00 per week, terminable only by (1) the death of either party, (2) the remarriage of Ms. Gruss, or (3) Ms. Gruss's eligibility to receive Social Security benefits. In the event that Ms. Gruss became eligible for Social Security, Dr. Gruss's alimony obligation was to be reduced dollar for dollar by the amount of Social Security she received.

In 1990, Dr. Gruss made a written request that Ms. Gruss apply for Social Security. Ms. Gruss, however, refused and claimed she would not be eligible for Social Security until 1997. (The confusion regarding the appropriate year in which Ms. Gruss could collect Social Security resulted because she had immigrated from Argentina, and, although Ms. Gruss maintained that she was born in 1935, her immigration papers listed her birth year as 1928.) Taking the matter into his own hands, Dr. Gruss decided unilaterally to decrease the alimony payments to his ex-wife.

On 10 June 1993, Ms. Gruss filed in the Circuit Court for Baltimore County a Petition to Enforce Alimony in order to receive the full $450.00 set forth in the stipulation. A hearing was subsequently held before Judge Lawrence R. Daniels. At the conclusion of the hearing, Judge Daniels determined that the issue of whether Ms. Gruss was entitled to Social Security benefits could only be decided properly by the Social Security Administration (hereinafter "the Administration"). Judge Daniels then ordered that:

1.  Mrs. Gruss[1] take all necessary actions to file a claim for Social Security benefits within thirty (30) days of the date of this Order;

2.  Mrs. Gruss diligently prosecute the claim filed for Social Security benefits;

3.  Mrs. Gruss provide Mr. Gruss, through Counsel, with a copy of each and every paper submitted to the Social Security Administration and a copy of each and every paper received from the Social Security Administration;

4.  Mrs. Gruss consent to intervention by Mr. Gruss in the adjudicatory process of her claim, if the rules and procedures of the Social Security Administration will permit; and

5.  Should Mrs. Gruss fail to comply with any portion of this Court's Order, she will be deemed to have dismissed, with prejudice, her Petition to Enforce Alimony Payment.

That Order was dated 9 March 1994.

Thereafter, on 18 August 1994, Dr. Gruss filed a Motion to Dismiss Petition to Enforce Alimony. In his motion, he alleged that Ms. Gruss had acted in bad faith because she had received checks from the Administration but had returned them. Dr. Gruss further claimed that he never received the required papers from her. Dr. Gruss's motion included no affidavit. The Certificate of Service attached to the motion listed Ms. Gruss's current address as 2907 Fallstaff Road, T2, Baltimore.

Approximately two weeks later, Ms. Gruss, acting *pro se,* filed a response to Dr. Gruss's Motion to Dismiss. In that response, Ms. Gruss explained, among other things, that she returned the checks which she had received from the Administration because she felt she was not legally entitled to them.

---

**1.** Instead of our references of Ms. and Dr. Gruss, Judge Daniels referred to the parties as "Mrs." Gruss and "Mr." Gruss.

At the conclusion of her response Ms. Gruss listed her mailing address as 2907 Fallstaff Road, T2, Baltimore.

Thereafter, on 21 September 1994 the circuit court entered an Order of Dismissal with Prejudice in favor of Dr. Gruss for "failure to comply with Order of this Court dated March 9, 1994." Copies were then mailed to Ms. Gruss and counsel for Dr. Gruss. The docket sheet, however, listed Ms. Gruss's address as 507 Arborwood Road, Baltimore. Accordingly, the Order of Dismissal was sent by the clerk to the address at Arborwood Road rather than her then current address of Fallstaff Road.[2]

The instant matter lay dormant for over a year until 19 January 1996, at which time Ms. Gruss filed another motion to enforce full alimony payments.[3] In her motion, she explained that, in December of 1995, the Administration conducted a hearing with regard to her entitlement to Social Security and found that she could not receive Social Security benefits in 1990. On 29 March 1996, newly obtained counsel for Ms. Gruss filed a request for a hearing based on Ms. Gruss's 19 January 1996 motion to enforce alimony. Thereafter, other than the withdrawal of her attorney's appearance, no further action is recorded in the docket entries, either by the parties or by the court, until 12 May 1997. At that time, yet another attorney for Ms. Gruss filed a Motion to Revise Judgment, that judgment being the 21 September 1994 Order of Dismissal with Prejudice, along with a request for a hearing and an accompanying memorandum of law. Ms. Gruss's arguments in the Motion to Revise were the same as those presently before this Court, and she specifically asked the trial court to set aside the Order of Dismissal with Prejudice and allow her to present her claim for alimony to the court.

---

2. Ms. Gruss moved from Arborwood Road to Fallstaff Road in May of 1993.

3. There is some confusion as to the dates on which pleadings from this point forward were submitted and filed with the court. Because the slight discrepancies in no way affect this appeal, for consistency we refer only to the dates listed in the docket entries.

The trial court, however, was unpersuaded by Ms. Gruss's claims and, on 20 June 1997, it denied her motion. The trial court held the following:

ORDERED that the Plaintiff's Motion be and is hereby Denied, as no irregularity under Rule 2–535(b) is alleged as Plaintiff had continuing obligation to furnish her address to this Court and the absence of an affidavit is not such an irregularity as is envisioned by the Rule.

After filing an unsuccessful Motion to Alter or Amend Judgment, Ms. Gruss noted this timely appeal.

Was the improper mailing of the Order of Dismissal with Prejudice an "irregularity" under Maryland Rule 2–535(b) thus entitling Ms. Gruss to consideration of whether the dismissal with prejudice should be revised?

In her first issue, Ms. Gruss seeks a reversal of the lower court's denial of her 12 May 1997 Motion to Revise Judgment and maintains that, because the clerk improperly sent the Order of Dismissal with Prejudice to Ms. Gruss's former address, an irregularity occurred, entitling her to seek a revision of that order under Maryland Rule 2–535(b). Dr. Gruss strives for an affirmance of the decision below. Despite the fact that the parties naturally differ as to their respective positions on appeal, they do not appear to dispute the following: First, the mailing of the dismissal to Ms. Gruss's address at Arborwood Road was improper because that was not her correct address at the time the order was issued. Second, Ms. Gruss was entitled to notice of the order of dismissal. *See* Maryland Rule 1–324 ("Upon entry on the docket of any order or ruling of the court not made in the course of a hearing or trial, the clerk shall send a copy of the order or ruling to all parties entitled to service under Rule 1–321, unless the record discloses that such service has already been made."). And third, and perhaps most important, the improper mailing constituted an irregularity under Maryland Rule 2–535(b).[4]

---

4. Dr. Gruss in his brief does not attack the existence of an "irregularity" per se. Although he refers to an "alleged 'irregularity,'" thus

According to Ms. Gruss, because she did not learn of the dismissal in a timely manner, she was unable to challenge it within the thirty-day time limit prescribed by Maryland Rule 2–535(a).[5]  Her only recourse, therefore, was to seek refuge in subsection (b) of that rule and ask the trial court, some two-and-one-half years after the entry of the order of dismissal, to reconsider that finding and allow her an opportunity to present evidence that dismissal with prejudice was improper.  The trial court held on 20 June 1997 that the clerk's error was not an "irregularity" as contemplated by the Maryland Rules. The court therefore refused to exercise its discretion and consider whether the 21 September 1994 dismissal was entered properly.

Our resolution of the current issue entails the consideration of two specific Maryland rules: Rule 2–535 ("Revisory Power"), and Rule 1–321 ("Service of Pleadings and Papers Other Than Original Pleadings").  So that we may properly understand the nature of the beast before us, we reproduce the pertinent portions of those rules at the very outset.

Subsection (b) of Rule 2–535 provides:

*Fraud, Mistake, Irregularity.* —On motion of any party at any time, the court may exercise its revisory power and

suggesting the possibility that an irregularity did not occur, he focuses his attention on two peripheral issues: (1) that Ms. Gruss did not act in good faith and with ordinary diligence when she knew of the order of dismissal but took no action in response to that order until a much later time and (2) that any irregularity was harmless error at best.  We discuss each of those issues *infra,* as well as why they fail to provide Dr. Gruss with the outcome he seeks.

**5.**  That section provides:

**Revisory Power** *Generally.*—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534 ["Motion to Alter or Amend a Judgment—Court Decision."].

control over the judgment in case of fraud, mistake, or irregularity.

Subsection (a) of Rule 1–321 provides:

> *Generally.* Except as otherwise provided in these rules or by order of court, every pleading and other paper filed after the original pleading shall be served upon each of the parties.... **Service upon** the attorney or upon **a party shall be made by delivery of a copy or by mailing it to the address most recently stated in a pleading or paper filed by the** attorney or **party,** or if not stated, to the last known address. (Emphasis supplied.)

Although seemingly unrelated, the interplay of those two rules will provide us with the answer to the query with which we are confronted.

■ The term "irregularity" as used in rule 2–535(b) has been consistently defined by Maryland's appellate tribunals as "the doing or not doing of that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done." *Early v. Early,* 338 Md. 639, 652, 659 A.2d 1334, 1340 (1995); *Weitz v. MacKenzie,* 273 Md. 628, 631, 331 A.2d 291, 293 (1975); *J.T. Masonry Co. v. Oxford Constr. Servs., Inc.,* 74 Md.App. 598, 606, 539 A.2d 694, 698 (1988), *aff'd,* 314 Md. 498, 551 A.2d 869 (1989). On several occasions it has been held that dismissal of an action without notice to a party constitutes such an irregularity. *See Mutual Benefit Society of Baltimore, Inc. v. Haywood,* 257 Md. 538, 541, 263 A.2d 868, 870–71 (1970); *Dypski v. Bethlehem Steel Corp.,* 74 Md.App. 692, 696–97, 539 A.2d 1165, 1167–68 (1988); *J.T. Masonry,* 74 Md.App. at 607, 539 A.2d at 698;[6] *see also Early,* 338 Md. at 652, 659 A.2d at 1340. Furthermore, the "irregularity" referenced in Rule 2–535(b) contemplates an

---

6. In these cases, the actions were dismissed for lack of prosecution either under current Maryland Rule 2–507(c) or under analogous circumstances. The fact that those dismissals were the result of a different legal mechanism than the dismissal in the case at bar is of no import to our decision, as the reasoning in those cases applies as well here.

irregularity "of process or procedure" and "not an error, which in legal parlance, generally connotes a departure from truth or accuracy of which a defendant had notice and could have challenged." *Weitz,* 273 Md. at 631, 331 A.2d 291; *Early,* 338 Md. at 652, 659 A.2d 1334.

When determining whether an irregularity occurred, a trial court must consider the totality of the circumstances. *J.T. Masonry,* 74 Md.App. at 611, 539 A.2d at 700. From an appellate standpoint, we review the decision of the trial court for an abuse of discretion. *Id.* at 607, 539 A.2d at 698.

The trial court was completely accurate in finding that Ms. Gruss had a continuing obligation to furnish the court with her most recent address. What the court failed to recognize, however, was that Ms. Gruss fully complied with that obligation by noting her changed address on her pleadings. According to Rule 1–321, the order of dismissal was to be mailed to Ms. Gruss at the address "most recently stated in a pleading or paper." Thus, as Ms. Gruss in her most recent pleading listed her address as 2907 Fallstaff Road, that is the address to which the clerk should have mailed a copy of the dismissal. Because the clerk failed to do so, Rule 1–321 was not properly complied with, and an irregularity existed within the confines of Rule 2–535(b).

The matter may not yet be laid to rest, however. In determining whether to strike an enrolled judgment once an irregularity has been shown to exist, a trial court must consider whether the moving party "acted in good faith, with due diligence, and had a meritorious defense." *Alban Tractor Co. v. Williford,* 61 Md.App. 71, 79–80, 484 A.2d 1039, 1043 (1984); *Murray v. Fishman Constr. Co.,* 241 Md. 538, 547–48, 217 A.2d 357, 363 (1966); *Tasea Investment Corp. v. Dale,* 222 Md. 474, 479, 160 A.2d 920, 923 (1960). On the one hand, Ms. Gruss clearly alleged in her Motion to Revise Judgment that she met the three criteria outlined in the *Alban* case. On the other hand, as Dr. Gruss points out on appeal, some two-and-one-half years passed between the date of the Dismissal with Prejudice (21 September 1994) and the date on which the

Motion to Revise was filed (12 May 1997). Although that time lapse is of some significance and may serve to weaken Ms. Gruss's assertions of good faith and due diligence,[7] that is a factual determination which requires the weighing of various facts and circumstances. We, as an appellate court, will not make factual determinations properly left to the trial court. *See Campbell v. Allstate Ins. Co.,* 96 Md.App. 277, 284 n. 3, 624 A.2d 1310, 1313 n. 3 (1993), *rev'd on other grounds,* 334 Md. 381, 639 A.2d 652 (1994) ("Sitting as an appellate court we, of course, cannot make findings of fact that would allow us to decide the issue on the merits."). Because the lower court, perceiving no irregularity, refused to consider whether Ms. Gruss acted in good faith, with due diligence, and had a meritorious claim, the case must be remanded for proceedings to develop the record further.

In sum, as an irregularity existed *via* the improper mailing of the notice of dismissal, the lower court was *required* to exercise its discretion in determining whether the enrolled judgment of 9 March 1994 should in any way be modified. In failing to exercise that discretion, the lower court erred.

**JUDGMENT REVERSED AND CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.**

---

7.  Dr. Gruss also points to the lapse of time as the reason why the irregularity of the improper mailing was harmless error. According to Dr. Gruss, "[t]he extremely lengthy passage of time before [Ms. Gruss] filed her Motion to Revise Judgment, and the absence of any explanation to justify such an extreme lack of diligence make it clear that the Motion to Revise Judgment could not possibly have been granted even if the Circuit Court for Baltimore County had found the existence of an irregularity." Again, we comment that the record must be developed further to determine whether the time lapse was of legal significance.