9 A.3d 148

**Lunique ESTIME**

v.

**Fairfax F. KING, et al.**

**No. 00713, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Dec. 2, 2010.

Lunique Estime, Lanham, MD, for appellant.

Brief not submitted by appellees.

Panel: WOODWARD, MATRICCIANI, CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), JJ.

MATRICCIANI, J.

Appellant Lunique Estime appeals from the denial of a motion for reconsideration of the dismissal of appellant's complaint to foreclose right of redemption in the Circuit Court for Baltimore City. Appellant presents two issues for our consideration, which we have consolidated into one issue with two sub-issues, and rephrased as follows: [1]

Whether the circuit court abused its discretion in denying appellant's motion to reinstate his complaint to foreclose the right of redemption, because:

A. Appellant's notification of his new address was proper and timely; and

B. The circuit court clerk's failure to send a copy of the court's order to appellant's new address constituted an

---

1. Appellant's original questions presented were as follows:
 A. Did the circuit court abuse its discretion in finding that appellant's notification of his change of address was insufficient and untimely?
 B. Did the clerk's failure to send a copy of the circuit court's order to appellant at his new address constitute an irregularity of process or procedure under Maryland Rule 2–535(b)?
 Because the timeliness and/or sufficiency of appellant's change of address notice and whether the clerk's actions constituted an irregularity of process are both considerations in determining whether the circuit court abused its discretion in denying appellant's motion to reinstate his complaint, we have combined them into one question.

irregularity of process or procedure under Md. Rule 2–535(b).

For the reasons set forth below, we answer in the affirmative, and we shall reverse and remand for further proceedings.

## FACTS

On May 14, 2007, the City of Baltimore assumed control of Tax Sale Certificate No. 208703 for the property located at 2344 McCulloh Street, Baltimore, Maryland 21217 ("2344 McCulloh Street") at a tax sale for delinquent liens.[2] At the time of the sale, title to the property belonged to appellees Fairfax F. King and Daisy B. King.

On April 1, 2008, appellee Mayor and City Council of Baltimore assigned its interest in the certificate to Lunique Estime, appellant. On May 23, 2008, appellant filed a complaint to foreclose all rights of redemption in the property, pursuant to Md.Code Ann. (1985, 2007 repl. vol.), § 14–835 of the Tax Property Article ("Tax Prop."). This complaint listed appellant's address as 10169 New Hampshire Avenue, Suite 110, Silver Spring, Maryland 20903.

On May 27, 2008, the circuit court entered an order of publication directed to all parties interested in the property, and on the same day the clerk of the court filed a notice to interested parties of the action to foreclose right of redemption. Notice was also published in The Daily Record newspaper for three successive weeks from May 28, 2008 to June 11, 2008. On August 19, 2008, appellant filed a proposed judgment foreclosing right of redemption, as well as a certificate of compliance, an affidavit of compliance with statutory notice

---

**2.** The Director of Finance, through the Bureau of Collections, holds an auction sale in May of each year offering the public the right to purchase a tax certificate on those properties that have delinquent liens (taxes, water & sewer charges, boarding, cleaning and razing). Upon the completion of the tax sale, tax certificates which were not acquired are assumed by the City. These instruments then become the responsibility of the Comptroller (Real Estate Department) for possible assignment as authorized by Baltimore City Ordinance 918. http://www.comptroller.baltimorecity.gov/R%20E%20Info/certificates.htm

provisions, and mailing results. Appellant states that—along with these materials—he also submitted a change of address line (stating that his new address was 4601 Presidents Drive, Suite 131, Lanham, Maryland 20706), and "plaintiff's change of address" is listed as one of the enclosed documents in the cover letter filed with the above-named documents on August 19, 2008. Based on the record from the circuit court, however, the change of address line was not filed until January 22, 2009. The address listed in appellant's certificate of compliance was 4601 Presidents Drive, Suite 131, Lanham, Maryland 20706.

On September 2, 2008, the circuit court entered an order requiring additional documentation—specifically, the original certificate of sale for the property—within thirty days. Appellant states that he never received this order, presumably because it was sent to the 10169 New Hampshire Avenue address, since this was the address on file with the court at that time.

On October 23, 2008, the circuit court entered an order dismissing appellant's complaint, without prejudice. On January 22, 2009, appellant filed a motion to reinstate the complaint to foreclose right of redemption. The circuit court denied appellant's motion to reinstate on February 26, 2009, finding that: (1) a line is not a sufficient legal document, (2) the docket entries failed to show that appellant's change of address line was filed with the court prior to January 22, 2009, and (3) the time allowed for revision under Md. Rule 2–535 had expired. Appellant filed a motion for reconsideration and request for a hearing on March 24, 2009, both of which were denied on May 7, 2009. Appellant then timely noted this appeal. Additional facts will be provided as necessary.

## DISCUSSION

### I.

Appellant contends the circuit court abused its discretion in denying his motion to reinstate the complaint to foreclose the right of redemption. Specifically, appellant argues that his notification of the change in his address was proper and

timely, and that the court clerk's failure to send the court's order for additional documentation to his new address constituted an irregularity of process or procedure under Rule 2–535(b),[3] entitling him to revision of the order of dismissal.

Appellant argues that his notification of change of address was proper and timely for three reasons: first, appellant contends that the line indicating his change of address contained all of the necessary elements of a proper filing, as set out by Md. Rule 1–301(a); second, appellant argues that the docket entries alone are not dispositive of whether the change of address form was timely filed; and third, appellant contends that—even if the change of address line itself was not filed until January 22, 2009—the certificate of compliance, filed on August 19, 2008, contained his new address, and this was sufficient to put the clerk on notice. Consequently, appellant argues, the clerk's failure to mail the order requiring additional documentation to his new address constituted an "irregularity of process" under Md. Rule 2–535(b), entitling him to revisionary relief even after the thirty-day time limit of Rule 2–535(a).

The striking of an enrolled judgment—including an order of dismissal—or the refusal to do so, is in the nature of a final judgment and is appealable. *Kraft v. Sussex Constr. Corp.*, 35 Md.App. 309, 311, 370 A.2d 570 (1977). We review the circuit court's refusal to revise or vacate the judgment of dismissal under an abuse of discretion standard. *J.T. Masonry Co. v. Oxford Constr. Services, Inc.*, 74 Md.App. 598, 607,

---

**3.** Md. Rule 2–535 provides, in part:

(a) **Generally.** On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534. A motion filed after the announcement or signing by the trial court of a judgment or the return of a verdict but before entry of the judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.

(b) **Fraud, mistake, irregularity.** On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.

539 A.2d 694 (1988). *See also Bland v. Hammond,* 177 Md.App. 340, 347, 935 A.2d 457 (2007). There is an abuse of discretion " 'where no reasonable person would take the view adopted by the [trial] court,' or when the court acts 'without reference to any guiding rules or principles.' " *In re Adoption/Guardianship No. 3598,* 347 Md. 295, 312, 701 A.2d 110 (1997) (quoting *North v. North,* 102 Md.App. 1, 13, 648 A.2d 1025 (1994)). An abuse of discretion may also be found "where the ruling under consideration is 'clearly against the logic and effect of facts and inferences before the court,' or when the ruling is 'violative of fact and logic.' " *Id.*

Appellant first contends that the line indicating his change of address contained all of the necessary elements of a proper filing, as set out by Md. Rule 1–301(a). Rule 1–301 proscribes the form of court papers, and provides:

> **(a) Caption and titling.** Every pleading and paper filed shall contain a caption setting forth (1) the parties or, where appropriate, the matter, (2) the name of the court, (3) the assigned docket reference, and (4) a brief descriptive title of the pleading or paper which indicates its nature. An original pleading shall contain the names and addresses, including zip code, of all parties to the action if the names and addresses are known to the person filing the pleading. If the address of a party is unknown, the pleading shall so state. In other pleadings and papers, it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

Appellant argues that the line indicating his change of address contained each of these items. Even assuming that appellant is correct, however, the record shows that no such line was filed with the circuit court until January 22, 2009, several months after the court's October 23, 2008 order dismissing appellant's complaint for failure to provide the required documentation.

As to timeliness of the filing, appellant argues that the docket entries alone are not dispositive of whether the change of address form was filed before the issuance of the court's

order for additional documentation. We disagree. The Court of Appeals discussed the importance of docket entries in *Forest Lake Cemetery v. Baker*, 113 Md. 529, 535, 77 A. 853 (1910), where it explained:

> The several Clerks of [the Circuit] Courts shall receive and file all papers pertaining to said Courts, respectively, and shall keep substantial dockets, and make all proper entries therein of papers filed and of the proceedings of the said Courts, as they occur; so that the docket entries shall always show, as near as possible, the real condition and progress of the proceedings.

The Court then went on to explain that one of the most important objects of rules regarding docket entries and filings "is to secure an accurate record of all proceedings in a case, in order that persons interested may by an examination of the docket entries ascertain the exact state of the proceedings." *Id.* at 535–36, 77 A. 853. There is no indication that the clerk in this case did not fully comply with the rules on maintaining proper dockets. Appellant argues that because the docket entry for October 19, 2008, lists "Certificate of Compliance, Exhibits, and Proposed Order," and he did not submit anything titled "Exhibits," "the intake clerk utilized some other rationale in determining how to characterize a portion of appellant's filings with the court," and asks us to speculate that the change of address line may have been included in the portion of filings labeled as "exhibits." We will not do so. It is the responsibility of attorneys, and by extension *pro se* litigants, to monitor dockets for when pleadings and other documents are filed. *See Maryland Metals v. Harbaugh*, 33 Md.App. 570, 575, 365 A.2d 600 (1976); *see also Kramer v. McCormick*, 59 Md.App. 193, 204, 474 A.2d 1346, cert. denied, 301 Md. 42, 481 A.2d 802 (1984).

Moreover, both this Court and the Court of Appeals have consistently held that docket entries are presumptively correct, and will be considered dispositive evidence of when a paper was filed in court, *unless* there is a conflict between the docket entries and the transcript of proceedings in a particular

action. *See Waller v. MNB*, 332 Md. 375, 379, 631 A.2d 447 (1993); *Lawson v. State*, 187 Md.App. 101, 108, 975 A.2d 357 (2009); *Shade v. State*, 18 Md.App. 407, 411, 306 A.2d 560 (1973). In such situations, the transcript prevails, unless it is shown to be in error. Where, however, the rules rely upon the form and date of the docket entry to establish the finality and date of finality of an order, the docket entry will control. *Waller*, 332 Md. at 379, 631 A.2d 447. In the present case, there was no conflicting transcript, and the issue turns on the date on which appellant filed his change of address line. We therefore hold that the docket entries in this case *are* dispositive in determining when a particular pleading or other document was filed, and the docket entries show that appellant's change of address line was not filed until January 22, 2009.

Alternatively, appellant argues that, even if the change of address line itself was not filed until January 22, 2009, his certificate of compliance, containing his new address, was filed on August 19, 2008, and that this was sufficient to put the clerk on notice. In support of this contention, appellant cites *Gruss v. Gruss*, 123 Md.App. 311, 718 A.2d 622 (1998). In *Gruss*, the plaintiff filed a motion to reconsider dismissal of her complaint, arguing that although she had not submitted a separate notice of change of address, her new address was included in her most recent pleadings, and this was sufficient to comply with the applicable notice requirement.[4] The trial court denied the plaintiff's motion to reconsider, finding that the plaintiff had a continuing obligation to furnish her address

---

**4.** It is worth mentioning that, in *Gruss*, the plaintiff's complaint was dismissed with prejudice, meaning that the plaintiff's only form of recourse was her motion to revise and subsequent motion to reconsider. In the case at bar, appellant's complaint was dismissed *without* prejudice. However, under Tax–Prop. § 14–833(c), a certificate of tax sale "is void unless a proceeding to foreclose the right of redemption is filed within two years of the date of the certificate of the sale." If appellant attempted to re-file his complaint to foreclose the right of redemption to the McCulloh Street property, therefore, he would be time-barred, since the time for filing expired on May 17, 2010. Therefore, a motion to revise the order of dismissal is also appellant's only form of recourse under these circumstances.

to the court, and that inclusion of the address in her pleadings was insufficient. We reversed, relying, in part, on Rule 1–321(a), which provides:

**Generally.** Except as otherwise provided in these rules or by order of court, every pleading and other paper filed after the original pleading shall be served upon each of the parties. Service upon the attorney or upon a party shall be made by delivery of a copy or by mailing it *to the address most recently stated in a pleading or paper filed by the attorney or party,* or if not stated, to the last known address. (Emphasis added.)

In addition, Rule 1–324 provides, in part:

Upon entry on the docket of any order or ruling of the court not made in the course of a hearing or trial, *the clerk shall send a copy of the order or ruling to all parties entitled to service under Rule 1–321,* unless the record discloses that such service has already been made. (Emphasis added.)

Based on the language of these rules, we explained:

The trial court was completely accurate in finding that Ms. Gruss had a continuing obligation to furnish the court with her most recent address. What the court failed to recognize, however, was that Ms. Gruss fully complied with that obligation by noting her changed address on her pleadings. According to Rule 1–321, the order of dismissal was to be mailed to Ms. Gruss at the address 'most recently stated in a pleading or paper.' Thus, as Ms. Gruss in her most recent pleading listed her address as 2907 Fallstaff Road, that is the address to which the clerk should have mailed a copy of the dismissal.

*Gruss,* 123 Md.App. at 320, 718 A.2d 622.

*Gruss* appears to be uncontradicted on this point of law. Therefore, we agree with appellant's assertion that inclusion of his new address in his certificate of compliance was sufficient notice and required the clerk of the court to mail a copy of the order requiring additional documentation, and certainly a copy of the order of dismissal, to appellant's 4601 Presidents Drive address.

■ Based on the arguments discussed above, appellant's final contention is that the clerk's failure to comply with Rule 1–321(a) constituted an irregularity of process under Rule 2–535, entitling him to seek a revision of the court's order of dismissal. Subsection (b) of Md. Rule 2–535 provides:

**Fraud, mistake, irregularity.** On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.

■ "Irregularity," as used in Rule 2–535(b), "has been defined as 'doing or not doing that ... which, conformable with the practice of the court, ought or ought not to be done,'" and has also been found to encompass "'the failure of an employee of the court or of the clerk's office to perform a duty required by statute or a Rule.'" *J.T. Masonry Co. v. Oxford Constr. Services, Inc.,* 74 Md.App. 598, 607, 539 A.2d 694 (1988) (quoting *Calvert Fire Ins. Co. v. Reick,* 39 Md.App. 620, 625–26, 387 A.2d 789 (1978)). A defendant seeking to reopen an enrolled judgment must show that such an irregularity existed by clear and convincing evidence. *Chapman v. Kamara,* 356 Md. 426, 454–55, 739 A.2d 387 (1999). In addition, "a defendant seeking to reopen an enrolled judgment must show ... that the party has 'acted with ordinary diligence, in good faith, and has a meritorious defense or cause of action.'" *Id.* at 448, 739 A.2d 387 (quoting *Tandra S. v. Tyrone W.,* 336 Md. 303, 314, 648 A.2d 439 (1994)).

In *Gruss,* we held that the clerk's failure to mail a copy of the court's order of dismissal to the address listed in the plaintiff's most recent pleading constituted an irregularity within the confines of Rule 2–535(b). 123 Md.App. at 320, 718 A.2d 622. We concluded that, because an irregularity existed, "the lower court was *required* to exercise its discretion" to determine whether the plaintiff had "acted in good faith, with due diligence, and had a meritorious claim," and in determining "whether the enrolled judgment ... should in any way have been modified." *Id.* at 321, 718 A.2d 622. Accordingly, we remanded the case for further proceedings.

Similarly, in *Mutual Benefit Soc'y of Baltimore, Inc. v. Haywood*, 257 Md. 538, 263 A.2d 868 (1970), also cited by appellant, we held that dismissal without notice is an "irregularity" as defined in Rule 2–535(b). And, in *J.T. Masonry Co.*, we explained that "[u]nder ordinary circumstances a party complies with Rule 1–321(a) by mailing the service copy of a paper . . . the address shown on that [party's] most recent pleading or paper," and added that "[t]his is so even if that address is not the current address reflected in the data stored in the [clerk's] computer." 314 Md. at 507 n. 3, 551 A.2d 869. We therefore agree with appellant that the clerk's failure to send a copy of the court's orders to his 4601 Presidents Drive address constituted an irregularity of process under Rule 2–5359(b).

 As discussed above, however, determining that an irregularity of process exists is only the first step in answering whether appellant is entitled to a revision of the order of dismissal, because a defendant seeking a revision of an order of dismissal must *also* show that he has acted with ordinary diligence and in good faith. *Chapman*, 356 at 454–55, 739 A.2d 387. Here, the order requiring additional documentation and the order of dismissal were filed in September and October of 2008, respectively, and appellant's motion to reinstate was filed in January of 2009. In *Gruss*, we explained that although a time lapse of two-and-a-half years between the date of the dismissal and the date on which the plaintiff's motion to revise was filed "was of some significance and may serve to weaken [the plaintiff's] assertions of good faith and due diligence," the plaintiff's diligence and good faith are "factual determination[s] which require[ ] the weighing of various facts and circumstances," and were therefore within the province of the trial court. 123 Md.App. at 321, 718 A.2d 622. A time lapse of three months, as is the case here, would seem to have less impact on a party's assertions of good faith and due diligence, and nothing else in the record suggests a lack thereof on appellant's part. Nonetheless, as a finding of fact, this determination is outside the scope of our review.

For these reasons, we hold that appellant's inclusion of his new address in his pleadings was sufficient; that the clerk's failure to send the court's orders to appellant's new address constituted an irregularity of process under Rule 2–535(b); and that the circuit court was required to exercise its discretion in determining whether appellant had acted with the good faith and due diligence necessary for him to be entitled to a revision of the order of dismissal, and a reinstatement of the complaint to foreclose the right of redemption. We therefore reverse the judgment of the circuit court, and remand for further proceedings consistent with this opinion.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**