*Brian M. Barrett v. Carol J. Barrett*,
No. 68, Sept. Term, 2018, Opinion by Leahy, J.

**MDEC Counties > Application of Title 20 of the Maryland Rules**

Title 20 of the Maryland Rules, entitled "Electronic Filing and Case Management," governs all "new actions and submissions," Md. Rule 20-102(a), in "MDEC Counties." Md. Rule 20-101(m). Although all Maryland Rules continue to apply to cases filed in MDEC Counties, "[t]o the extent that there is any inconsistency, the Rules in [] Title [20] prevail." Md. Rule 20-102(c).

**MDEC Counties > Electronic Filing > Requirement of Electronic Service**

Maryland Rule 20-106(a)(2) provides that, with limited exceptions, "judges, judicial appointees, clerks, and judicial personnel, shall file electronically all submissions in an MDEC action." More specifically, Rule 20-205(d)(1) commands that "[o]n the effective date of filing, the MDEC system shall electronically serve on registered users entitled to service all other submissions filed electronically."

**MDEC Counties > Electronic Filing > Electronic Service**

Electronic service on MDEC is a separate issue from how an order or other submission is docketed on MDEC. *Cf. Won Sun Lee v. Won Bok Lee*, 240 Md. App. 47, 65 (2019) (explaining, in the context of calculating time to file an appeal, that entry of a court's order occurs when the lower court "enters a record on the docket of the electronic case management system" (internal citations omitted)). A submission that is docketed is not necessarily served on the parties. Rule 20-205 requires the clerk, "[o]n the effective date of filing," to electronically serve orders and other dispositions of the court on those persons entitled to receive service. Md. Rule 20-205(c), (d). Electronic service is "made upon [a] registered user" via email. *See* Md. Rule 20-201(f) (stating that registered users must submit an accurate email address where the user wishes to be served).

**Rules Requiring Service > A Party's Right to Rely on the Court for Notice**

Statutory provisions entitling a litigant to service necessarily affect the litigant's rights and obligations. Namely, an "express provision for notice to the litigants overrides our often stated proposition that it is the duty of the defendant to keep himself informed as to what is occurring in the case." *Gov't Emps. Ins. Co. v. Ropka*, 74 Md. App. 249, 255 (1988) (brackets and citation omitted). In other words, a rule requiring the court to serve the parties "entitl[es] counsel to rely upon the clerk for notice of particular entries on the docket," *Md. Metals, Inc. v. Harbaugh*, 33 Md. App. 570, 575-76 (1976), rather than "monitor[ing] the dockets for when pleadings and other documents are filed." *Estime v. King*, 196 Md. App. 296, 304 (2010).

Circuit Court for Wicomico County
Case No. C-22-FM-17-00170

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 68

September Term, 2018

_____

BRIAN M. BARRETT, SR.

v.

CAROL J. BARRETT

_____

Fader, C.J.,
Wright,
Leahy,

JJ.

_____

Opinion by Leahy, J.

_____

Filed: May 1, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

A hearing on the merits of the divorce filed by Carol Barrett, appellee, against Brian Barrett, Sr., appellant, was held on October 2, 2017, before a magistrate in the Circuit Court for Wicomico County. About three months after the hearing, the magistrate issued her Report and Recommendations ("Report"). Rather than serve the parties through the Maryland Electronic Courts ("MDEC") system or regular mail, the clerk of the court placed copies of the Report, along with notices regarding the filing of exceptions and certificates of service, in mailboxes located at the courthouse that are assigned to the parties' counsel. Brian[1] did not retrieve the Report from the mailbox until February 5, 2018—the last day on which he could file timely exceptions to the judgment of divorce. The circuit court entered a judgment of absolute divorce the following day, February 6. On February 7, Brian filed exceptions and a motion for leave to file them, along with a separate motion to alter, amend or to revise the judgment. He argued that because he was not properly served, the time for filing exceptions should not run from the date that the Report was docketed. On February 21, the court summarily denied Brian's filings.

Brian appealed from the court's denial of his motion to alter, amend, or revise the judgment and the denial of his exceptions, and presents one question for our review:

> "Is the placement of a Magistrate's report and recommendations in a courthouse mailbox proper service under Rule 1-321?"

---

[1] For clarity, we refer to the parties by their first names because they share the same last name. In so doing, we mean no disrespect.

Wicomico County is an MDEC County[2] governed by Title 20 of the Maryland Rules. For the reasons explained in this opinion, we remand to the circuit court with instructions to consider whether service of the Report in this case satisfied the Maryland Rules, specifically Title 20 governing electronic service in MDEC counties.

## BACKGROUND

Carol filed for divorce on February 7, 2017. On June 14, 2017, with the parties' consent, the Circuit Court for Wicomico County referred the divorce proceeding to a magistrate. Following a merits hearing held on October 2, 2017, Magistrate Connie G. Marvel invited the parties to submit written closing statements, which the parties duly submitted several weeks later.

About three months after the parties submitted their closing arguments, Magistrate Marvel issued the Report, along with a notice to the parties regarding filing exceptions and a certificate of service.[3] The court uploaded all three documents to MDEC, docketing

---

[2] "'MDEC County' means a county in which, pursuant to an administrative order of the Chief Judge of the Court of Appeals posted on the Judiciary website, MDEC has been implemented." Md. Rule 20-101(m).

[3] The record is unclear as to when and under what circumstances the County relies on physical methods of service. The form certificate of service that was filed with the Report in the underlying case contains blank lines that can be checked next to the following options: "Magistrate's Report and Recommendation," "Proposed Order(s) of Court," "Notice of Right to File Exceptions," and "Other." Below this list of options is a matrix that has the parties and their attorneys listed on the vertical side of the columns, and three horizontal columns for "Hand-Delivered," "Courthouse Mailbox," and "Regular U.S. Mail."

them on January 23, 2018.[4]  The clerk's office then placed paper copies of all three documents, dated January 23, 2018, in mailboxes located at the courthouse that are assigned to the parties' attorneys.  The certificate of service, signed by the clerk of the court, indicated that the court served the parties on January 23 by "Courthouse Mailbox" rather than hand delivery or U.S. mail.  The notice informed the parties that they would have "[10 days] from the date [the Magistrate's] written Report/Proposed Order is served" to file exceptions.

On February 6, 2018, having received no exceptions to the Report, the circuit court entered a judgment of absolute divorce premised on the magistrate's recommendations.

The following day, February 7, Brian filed three papers with the court: a motion for leave to file exceptions, exceptions, and a motion to alter or amend the judgment pursuant to Maryland Rule 2-534 or to revise under Maryland Rule 2-535.  In his motions, he contended that placing the Report in the attorneys' courthouse mailbox did not constitute

---

[4] Separate from the issue of electronic service is how an order or other submission is docketed on MDEC.  *Cf. Won Sun Lee v. Won Bok Lee*, 240 Md. App. 47, 65 (2019) (explaining, in the context of calculating time to file an appeal, that entry of a court's order occurs when the lower court "enters a record on the docket of the electronic case management system" (internal citations omitted)).  Brian represented in his briefing and at oral argument that there are two ways that the court can create a docket entry in MDEC: (1) by electronic filing or (2) by scanning a paper document and uploading it to the MDEC system.  He asserts that electronically filed submissions in the record on appeal bear the stamp "E-FILED" along with the date and time in the upper right corner, whereas scanned documents do not.

We note that a submission that is docketed is not necessarily served on the parties.  Rule 20-205 requires the clerk, "[o]n the effective date of filing," to electronically serve orders and other dispositions of the court on those persons entitled to receive service.  Md. Rule 20-205(c), (d).  Electronic service is "made upon [a] registered user" via email.  *See* Md. Rule 20-201(f) (stating that registered users must submit an accurate email address where the user wishes to be served).

3

proper service under the Maryland Rules. Brian asserted that the time for filing exceptions should not run from the date of the January 23 docket entry because the magistrate did not properly serve the Report. Brian further argued that the irregular service was a sufficient ground for the circuit court to exercise its revisory power.

Attached to Brian's motion for leave to file exceptions was an affidavit by Janet Lane, the secretary for Brian's attorney. She attested that she checked the courthouse mailbox on January 23 and January 25, 2018, between the hours of 10:00 a.m. and noon, and "[n]othing was in the box." She did not work on January 26-30 because she was ill, and she did not check the courthouse mailbox when she returned to work on January 31. One of Lane's colleagues checked the mailbox around noon on February 5, found the Report, and brought it to Lane. Lane sent the Report to the firm's Crisfield office in "a courier bag used to transport paper documents between offices" and did not notify Brian's attorney that she received the Report. Brian's attorney received the report on February 6 when the courier bag reached the Crisfield office.

Carol filed oppositions to Brian's three motions. The circuit court summarily denied all of Brian's motions on February 21, 2018. In the top margin of Brian's exceptions, the court wrote "[e]xceptions are denied as untimely. Rule 9-208(f)." The court stamped "denied" on Brian's motion to alter, amend, or revise.

Brian timely appealed to this Court on March 19, 2018.

## DISCUSSION

Brian contends that the circuit court judge's denial of his motion to alter, amend, or revise the judgment of absolute divorce was an abuse of discretion because "[p]lacing a

4

paper in a courthouse box maintained for the convenience of the court and clerk's office is not a proper method of service under Rule 20-106(b) or Rule 1-321(a)." According to Brian, the rules required the magistrate to serve him electronically; by hand-delivery to his counsel; by leaving a copy at his counsel's office or home; or by mailing a copy to his counsel's office, which is his counsel's address of record. Without proper service, Brian urges, "the time for filing exceptions did not begin to run until February 5, 2018, the date that [he] constructively received the report and recommendations."

Carol responds that the court committed no legal error in denying Brian's motion because Brian knew the Report was forthcoming, Brian's counsel acknowledged his duty to monitor the courthouse box, and Brian's counsel had actual possession of the magistrate's report before the deadline for filing exceptions expired.

The recommendations of a magistrate inform the trial court's final judgment in certain circumstances. If the circuit court has a "standing magistrate for domestic relations matters and a hearing has been requested or is required by law," the court must refer certain domestic relations matters to the magistrate. Md. Rule 9-208(a)(1). Matters may also come before a magistrate, as in this case, upon agreement by the parties. Md. Rule 9-208(a)(2). Once a magistrate has developed his or her findings, the magistrate must "prepare written recommendations, which shall include a brief statement of [his or her] findings and [] be accompanied by a proposed order." Md. Rule 9-208(e)(1). The magistrate must notify the parties of his or her recommendations, "either on the record at the conclusion of the hearing or *by written notice served pursuant to Rule 1-321*." *Id.* (emphasis added).

5

If a party wishes to contest the magistrate's findings or recommendations, he or she can file exceptions within a narrow timeframe. Specifically, "within *ten days after recommendations are placed on the record or served . . .* a party may file exceptions with the clerk." Md. Rule 9-208(f) (emphasis added). "[I]f exceptions are not timely filed, the court may direct the entry of the order or judgment as recommended by the magistrate." Md. Rule 9-208(h)(1)(B). A party's failure to timely file exceptions forfeits "any claim that the master's findings of fact were clearly erroneous." *Miller v. Bosley*, 113 Md. App. 381, 393 (1997); *see also Green v. Green*, 188 Md. App. 661, 674 (2009). The party may still, however, challenge the court's "adoption of the [magistrate's] application of the law to the facts." *Green*, 188 Md. App. at 674.

The magistrate must serve written findings to the parties within 10 days after the conclusion of the hearing if the divorce is uncontested, and within 30 days if the parties agreed to be heard before a magistrate. Md. Rule 9-208(e)(1). Brian directs our attention in this appeal, however, to *how* the magistrate is required to notify the parties of his or her recommendations.

Pursuant to Rule 1-324, which governs the court's "[n]otification of orders, rulings, and court proceedings,"

> *Upon entry on the docket* of (1) any order or ruling of the court not made in the course of a hearing or trial or (2) the scheduling of a hearing, trial, or other court proceeding not announced on the record in the course of a hearing or trial, *the clerk shall send a copy of the order, ruling, or notice of the scheduled proceeding to all parties entitled to service under Rule 1-321,*[5] unless the record discloses that such service has already been made.

---

[5] Rule 1-321(a) provides that service may be made by delivery or by mail. Delivery means:

6

Md. Rule 1-324(a) (emphasis added).

The above-recited means of paper service apply in all situations "[e]xcept as otherwise provided in the[] rules or by order of the court." Md. Rule 1-321(a). Title 20 of the Maryland Rules, entitled "Electronic Filing and Case Management," governs all "new actions and submissions," Md. Rule 20-102(a), in "MDEC Counties."[6] Md. Rule 20-101(m). Although all Maryland Rules continue to apply to cases filed in MDEC Counties, "[t]o the extent that there is any inconsistency, the Rules in [] Title [20] prevail." Md. Rule 20-102(c).

Maryland Rule 20-106(a)(2) provides that "judges, judicial appointees, clerks, and judicial personnel, shall file electronically all submissions in an MDEC action."[7] More

- handing it to the attorney or party;
- leaving it at the office of the person to be served with an individual in charge;
- leaving it in a conspicuous place in the office; or
- if the office is closed or there is no office, leaving it with a person of suitable age and discretion who resides at the "dwelling house or usual place of abode" of the person to be served.

Service by mail may be accomplished by:

- mailing it to the address most recently stated in a filing; or
- if the address is not so stated, mailing it to the last known address.

[6] Maryland Rule 1-102 provides: "No circuit and local rules, other than ones regulating [(1) court libraries, (2) memorial proceedings, (3) auditors, (4) compensation of trustees in judicial sales, and (5) appointment of bail bond commissioners and licensing and regulation of bail bondsmen], shall be adopted."

[7] Md. Rule 20-106(b) sets out limited exceptions to the e-filing requirement:

(1) MDEC system outage. Registered users, judges, judicial appointees, clerks, and judicial personnel are excused from filing submissions

specifically, Rule 20-205(d) is effectively the corollary to Rule 1-324 for MDEC Counties,

commanding that "[o]n the effective date of filing, the MDEC system shall electronically

serve on registered users entitled to service all other submissions filed electronically." Md.

Rule 20-205(d)(1).

In certain circumstances, the court in an MDEC County can still exact service by

paper:

> The clerk is responsible for serving writs, notices, official communications,
> court orders, and other dispositions, in the manner set forth in Rule 1-321, on
> persons *entitled to receive service of the submission who (A) are not*
> *registered users, (B) are registered users but have not entered an appearance*
> *in the MDEC action, and (C) are persons entitled to receive service of copies*
> *of tangible items that are in paper form.*

Md. Rule 20-205(c) (emphasis added).

---

electronically during an MDEC system outage in accordance with Rule 20-501.

(2) Other unexpected event. If an unexpected event other than an MDEC system outage prevents a registered user, judge, judicial appointee, clerk, or judicial personnel from filing submissions electronically, the registered user, judge, judicial appointee, clerk, or judicial personnel may file submissions in paper form until the ability to file electronically is restored. . . .

(3) Other good cause. For other good cause shown, the administrative judge, having direct administrative supervision over the court in which an MDEC action is pending may permit a registered user, on a temporary basis, to file submissions in paper form. Satisfactory proof that, due to circumstances beyond the registered user's control, the registered user is temporarily unable to file submissions electronically shall constitute good cause.

Also bearing on electronic service of submissions[8] is Maryland Rule 20-201, captioned "Requirements for Electronic Filing." It states that "[a] registered user who files a submission *and who will be entitled to electronic service of subsequent submissions in the action* shall include in the submission accurate information as to the email address where such electronic service may be made upon the registered user." Md. Rule 20-201(f) (emphasis added).

Statutory provisions entitling a litigant to service necessarily affect the litigant's rights and obligations. Namely, an "express provision for notice to the litigants overrides our often stated proposition that it is the duty of the defendant to keep himself informed as to what is occurring in the case." *Gov't Emps. Ins. Co. v. Ropka*, 74 Md. App. 249, 255 (1988) (brackets and citation omitted). In other words, a rule requiring the court to serve the parties "entitl[es] counsel to rely upon the clerk for notice of particular entries on the docket," *Md. Metals, Inc. v. Harbaugh*, 33 Md. App. 570, 575-76 (1976), rather than "monitor[ing] the dockets for when pleadings and other documents are filed." *Estime v. King*, 196 Md. App. 296, 304 (2010). The court's "[f]ailure to provide a copy of an order required to be sent by Rule 1-324 can be grounds for exercising the court's revisory power." *Ropka*, 74 Md. App. at 255.

Returning to the case on appeal, Carol filed for divorce on February 7, 2017, two months after Wicomico County made the transition to MDEC. *See* Administrative Order

---

[8] "'Submission' means a pleading or other document filed in an action. 'Submission' does not include an item offered or admitted into evidence in open court." Md. Rule 20-101(u).

on Expansion of Maryland Electronic Courts dated September 27, 2017 (reflecting that MDEC already went "live" in Wicomico County on December 12, 2016). The court was required, under Rule 9-208(e)(1), to serve the parties with written notice of the magistrate's findings and recommendations. The clerk in this case uploaded the Report to MDEC, but did not "E-file" the report pursuant to Rule 20-205(d)(1), which requires "judges, judicial appointees, clerks, and judicial personnel" to "file electronically all submissions in an MDEC action." *See supra* note 3. Because this was an MDEC action and Brian's attorney was a registered MDEC user, it is unclear why the Report was not *served* electronically through the MDEC system. *See* Md. Rule 20-205(d)(1); Md. Rule 20-201(f).[9]

Brian argues on appeal that the magistrate erred by failing to serve the Report on his attorney electronically. Before the circuit court, however, Brian challenged the magistrate's failure to comply with Maryland Rule 1-321(a). The parties' failure to address the electronic filing requirements before the circuit court along with the court's summary decisions, delivered without explanation, leave the record in this case distinctly undeveloped.

---

[9] Brian argues that the clerk's placement of the Report in the courthouse mailbox also failed to meet the service requirements under the rules governing traditional paper service. According to Brian, the clerk should have either (1) mailed the Report to the address most recently stated on a filing, which would have been the Crisfield office address; or (2) mailed the Report to the last known address. Md. Rule 1-321(a). Having concluded that Wicomico County is an MDEC County governed by Title 20 of the Maryland Rules, we need not address this contention on appeal. This does not preclude the court on remand from considering whether traditional service was proper under Md. Rule 20-205(c).

Although our review of the court's denial of Brian's motion filed under Rules 2-534 and 2-535 is for abuse of discretion, *Shih Ping Li v. Tzu Lee*, 210 Md. App. 73, 96-97 (2013), that discretion is "always tempered by the requirement that the court correctly apply the law applicable to the case." *Rose v. Rose*, 236 Md. App. 117, 130 (2018) (citing *Arrington v. State,* 411 Md. 524, 552 (2009)). Indeed, the Court of Appeals has recognized that trial courts do not have discretion to apply incorrect legal standards and that "a failure to consider the proper legal standard in reaching a decision constitutes an abuse of discretion." *Wilson-X v. Dep't of Human Res.*, 403 Md. 667, 675-76 (2008) (citations omitted). In light of the underdeveloped record on appeal, however, we are reluctant to presume the circuit court's reasoning. We therefore vacate the court's orders and remand to the circuit court with instructions to examine whether the clerk properly served Brian with a copy of the Report. If the court decides that service was proper, the court should issue an oral or written order explaining how service of the Report by placement in a courthouse mailbox satisfies the Maryland Rules—particularly Title 20 governing service in MDEC Counties. If the court decides that service was not proper, the court should consider the exceptions as though they had been filed timely on February 7, 2018, based on a constructive service date of February 5, 2018.

**JUDGMENTS OF THE CIRCUIT COURT FOR WICOMICO COUNTY VACATED; CASE REMANDED TO THE CIRCUIT COURT. APPELLEE TO PAY COSTS.**