*Timothy P. Brower v. Carrie M. Ward, et al.*, No. 1720, September Term, 2021. Opinion by Ripken, J.

**MORTGAGES AND DEEDS OF TRUST – FORECLOSURE – PROCEEDS OF SALE; TIMELINESS**

Even after ratification of the auditor's report, a claimant of foreclosure proceedings may request, within 30 days of entry of judgment, that the court reopen and revise judgment pursuant to Maryland Rule 2-535.

**JUDGMENT – FORM AND REQUISITES OF APPLICATION – IN GENERAL**

A motion may be treated as a motion to revise judgment despite not being labeled as such. Maryland Rule 2-535.

**JUDGMENT – REVISORY POWER**

Maryland Rules 2-534 and 2-535 permit the court to examine equitable considerations while exercising revisory power pursuant to these Rules.

Circuit Court for Worcester County
Case No. C-23-CV-19-000131

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1720

September Term, 2021

_____

TIMOTHY P. BROWER

v.

CARRIE M. WARD, ET AL.

_____

Kehoe,
Friedman,
Ripken,

JJ.

_____

Opinion by Ripken, J.
_____

Filed: October 31, 2022

*Tang, Rosalyn, J., did not participate in the Court's decision to designate this opinion for publication pursuant to Md. Rule 8-605.1.

Pursuant to Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Appellant, Timothy Brower ("Brower"), appeals an order of the circuit court of Worcester County concerning the distribution of a surplus arising from a foreclosure sale of his residential property. The circuit court had initially ratified the court auditor's report that awarded the surplus to Brower. Following a motion to intervene by the U.S. Department of Housing and Urban Development ("HUD"), which held a second priority lien on the foreclosed property, the court modified its order and allowed HUD to file a claim for the surplus. The auditor submitted a new report distributing the surplus from the foreclosure proceeding to HUD. Brower filed exceptions to that report, and the court overruled those exceptions and ratified the order. This timely appeal followed.

## ISSUES PRESENTED

Brower presents three issues for our review:

I.   If a claim to surplus proceeds arising out of a foreclosure sale is not filed before the ratification of the Auditor's Report, does Rule 14-216(a) bar the claimant from participating in the distribution of the surplus proceeds?

II.  Does the [c]ircuit [c]ourt have discretion to *sua sponte* vacate the final Order of Ratification of the Report of the Court Auditor after the expiration of [30]days from the date of ratification in the absence of fraud, mistake or irregularity?

III. Was it an abuse of discretion for the [c]ourt to vacate the final Order of Ratification of the Auditor's Report to enable [a]ppellee[s] to submit a claim to surplus proceeds of sale which otherwise would be untimely to the prejudice of another claimant who timely filed a claim pursuant to Rule 14-216(a)?

For the reasons to follow, we discern no error by the circuit court. We shall affirm the judgments.

**FACTUAL AND PROCEDURAL BACKGROUND**

Following the sale of his residential property at a foreclosure proceeding, on April 20, 2021, Brower submitted a petition for payment of the surplus proceeds of that sale. By order entered June 4, 2021, the Circuit Court for Worcester County granted Brower's petition "subject to any claims filed by persons or entities with superior interests in the surplus proceeds from the sale[.]"

The Auditor of the Court submitted their report of the sale. That report documented a surplus in the amount of $105,380.22, payable to Brower. No exceptions were filed to that report, and the court entered an order on July 8, 2021, ratifying the auditor's report.

Eight days later, on July 16, 2021, HUD filed a motion to reopen to intervene and claim the surplus proceeds. Therein, it claimed that Brower was indebted to HUD in the amount of $116,913.07 for a loan pursuant to the Federal Housing Administration's loss mitigation procedures.[1] It claimed that the debt was secured by a subordinate note on Brower's property. Therefore, HUD requested the court "pass an Order directing a distribution of surplus proceeds [to HUD] in the amount of $116,913.07 provided sufficient funds are available for distribution."

Brower filed an opposition to HUD's motion, contending that HUD's motion was not timely as it was not filed before the final order ratifying the report as required by Maryland Rule 14-216. Brower argued that HUD's failure to timely file its motion was

---

[1] Pursuant to 12 U.S.C. § 1715u(b), the Secretary of HUD may loan to a lender, on a debtor's behalf, a "partial claim" to cure a default of the debtor in payments due under a mortgage.

fatal to its claim for any surplus proceeds. Therefore, according to Brower, the court should deny HUD's motion to intervene and claim the surplus proceeds.

HUD filed a reply to Brower's opposition on July 26, 2021. It reiterated that Brower was indebted to HUD for a housing loan, and Brower, in his opposition, did not dispute that debt. As to Brower's untimeliness argument, HUD responded that it received only "a copy of the Suggested Account which did not include a deadline to submit a claim." In any event, HUD claimed that Maryland Rule 2-534 permits a court to alter or amend a judgment where a motion was filed within 10 days from the entry of judgment, and HUD's motion to reopen was filed eight days after the entry of the order. HUD further contended that Maryland Rule 2-535 grants the court revisory power over the judgment where a motion is filed within 30 days of the entry of judgment, which HUD's motion and reply to Brower's opposition satisfied.

The court held a hearing on the motion to intervene on September 10, 2021. HUD argued that, although HUD did not file a claim to the surplus proceeds prior to the final ratification of the report, it should nonetheless be permitted to intervene because equitable principles demand that Brower repay the debt from his loan, and that the court had the revisory powers to reopen the case pursuant to Maryland Rules 2-534 and 2-535. As to its equity argument, HUD maintained that Brower took a zero-percent interest loan in 2013 to prevent him from going into default on his property's mortgage payments, and the principal balance of that loan was not made payable until the sale of the property. Because Brower had eight years of an interest free loan and no obligation to repay during that time, and HUD would demand payment only in instance of a surplus, HUD argued that the court

3

should exercise its revisory power to reopen the case. Brower responded that HUD was essentially requesting the court reopen the case as a remedy to its mistake in not filing a timely claim. Brower also reiterated that there was no motion to revise the court's order.

The court found that HUD did not comply with the rules in filing a claim to the proceeds before the final ratification of the report. However, the court found that, because HUD filed its motion within the 30-day period, Rule 2-535 permits the court to revise the judgment. Additionally, the court stated that there is no dispute that money was owed by Brower to HUD, and that equity mandates that HUD be permitted to intervene and file a claim for the surplus proceeds. Therefore, the court granted HUD's motion.

The court entered an order the day of the hearing. The court granted HUD's motion to intervene pursuant to Maryland Rule 2-214. It further ordered that the July 6, 2021, order ratifying the auditor's report be vacated, and that HUD's claim for surplus proceeds in the amount of $116,913.07 be granted. The court ordered the auditor to amend the report to reflect that order and file a second amended report.

The Auditor of the Court entered the second amended final auditor's report providing that the foreclosure proceedings resulting in a surplus of $105,380.22 was payable to HUD. Brower filed exceptions to that report, again contending that HUD's claim to the surplus proceeds was not timely. Brower also argued that the court lacked the power to revise the final order because no motion to revise the judgment was filed. Rather, HUD filed a motion to reopen. Brower therefore claimed that the court's *sua sponte* revision of the judgment was erroneous.

In response, HUD filed an opposition again arguing that the court was permitted to

4

exercise its revisory powers pursuant to Maryland Rules 2-534 and 2-535, and that HUD's motions were filed within the timeframe prescribed by those rules. HUD further claimed that even in the absence of a qualifying motion, the court has the power to revise judgments *sua sponte* because that power is "inherent."

On December 16, 2021, the court entered an order overruling Brower's exceptions and ratifying the auditor's second amended report. The court stated that, in addition to the findings and conclusions placed on the record at the September hearing and in the resulting order, HUD's motion was filed within ten days of the ratification of the first auditor's report, and therefore necessarily within 30days of the order. Therefore, the court found that it had revisory power in ruling on the motion pursuant to Maryland Rule 2-535. Following the court's ratification of the auditor's second amended report and overruling of Brower's exceptions, Brower noted this timely appeal.

## DISCUSSION

A court has broad discretion in modifying a judgment pursuant to Maryland Rule 2-535(a). *S. Mgmt. Corp. v. Taha*, 378 Md. 461, 494 (2003). Accordingly, we review the grant or denial of a motion to revise a judgment for an abuse of discretion. *Barrett v. Barrett*, 240 Md. App. 581, 591 (2019). Although we review the circuit court's exercise of revisory powers under an abuse of discretion standard, we recognize that discretion is "always tempered by the requirement that the court correctly apply the law applicable to the case." *Id.* (quoting *Rose v. Rose*, 236 Md. App. 117, 130 (2018)).

**I.** **THE CIRCUIT COURT COULD EXERCISE ITS REVISORY POWERS TO ALLOW HUD TO FILE A CLAIM FOR SURPLUS PROCEEDS NOTWITHSTANDING MARYLAND RULE 14-216.**

We understand Brower's first argument to be that Maryland Rule 14-216, which bars a claimant from seeking a foreclosure sale surplus where that claimant fails to timely file his claim, is the only applicable rule to the action. He argues that compliance with the Maryland Rules of Procedure is mandatory, and therefore HUD's failure to timely file a claim for the surplus forecloses its right to any portion of that surplus.

The right to participate in and claim a portion of surplus proceeds in a foreclosure sale is governed by Maryland Rule 14-216. That rule provides: "At any time after a sale of property and before final ratification of the auditor's account, any person claiming an interest in the property or in the proceeds of the sale of the property may file an application for the payment of that person's claim from the surplus proceeds of the sale." Md. Rule 14-216(a).

While Rule 14-216 expressly permits a claimant to file an application prior to final ratification, there is no indication that 14-216 displaces all other Maryland Rules, including those providing for revising final judgments. *See, e.g.*, *Johnson v. Francis*, 239 Md. App. 530, 544 (2018) ("[W]e presume the Rules 'operate together as a consistent and harmonious body of law[.]'" (quoting *Fuster v. State*, 437 Md. 653, 664 (2014))). Although it is undisputed that HUD filed its motion after the final ratification and would be barred under Rule 14-216 from seeking the surplus proceeds, HUD was not foreclosed from requesting the court to exercise its revisory powers and reopen the judgment pursuant to Rules 2-534 and 2-535.

**II. THE CIRCUIT COURT DID NOT ERR IN GRANTING THE MOTION TO REOPEN JUDGMENT AND INTERVENE PURSUANT TO MARYLAND RULE 2-535.**

Brower next argues that the court erred in granting HUD's motion to reopen the case and intervene. To this end, he contends that HUD's motion was not a motion to revise pursuant to Rule 2-535, and thus the court's revision of the final judgment was done *sua sponte*. Additionally, because that revision took place more than 30 days from the court's original judgment, the court lacked the power to revise the judgment absent a showing of fraud, mistake, or irregularity.

It has long been the rule in Maryland that a motion, however labeled, may be treated as a motion to revise under Rule 2-535 where the substance of the motion was clearly a request to revise the judgment. *Pickett v. Noba, Inc.*, 122 Md. App. 566, 571 (1998) ("A motion may be treated as a motion to revise under Md. Rule 2-535 even if it is not labeled as such.") (citing *Gluckstern v. Sutton*, 319 Md. 634 (1990)). In fact, a movant's motion need not cite to Maryland Rule 2-535 for it to be treated as a revisory motion. *Gluckstern*, 319 Md. at 650–51.

HUD's motion was not labeled as a motion to revise the judgment pursuant to Rule 2-535 but as one to "Reopen to Intervene and Claim for Surplus Proceeds." Therein, HUD sought to have the court reopen the accounting of the foreclosure sale and resulting surplus and reconsider that distribution considering HUD's subordinate mortgage. HUD's prayer for relief requested the court "pass an Order directing a distribution of the surplus proceeds" to HUD, instead of Brower. In recognizing that the need to reopen was a prerequisite to the ability to pass such an order and allow intervention, HUD clearly sought

7

for the court to revise the judgment, which awarded the entirety of the surplus to Brower. Additionally, in its reply to Brower's opposition, HUD explained that the court had jurisdiction to reopen the case and permit HUD's intervention, which was requested in the original motion, pursuant to Rule 2-535. We are satisfied that, based on the substance of the motions, HUD was requesting that the court exercise its revisory powers.

Having determined that the motion to reopen and intervene was in essence a motion to revise, we turn to whether the motion complied with Rule 2-535's mandates. Maryland Rule 2-535(a) provides, in pertinent part: "On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534." Rule 2-534 states that a court may "open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment." If the motion was filed after the 30-day timeframe, the court may exercise revisory powers "in case of fraud, mistake, or irregularity." Md. Rule 2-535(b).

HUD's motion was filed eight days after the entry of judgment ratifying the auditor's report, which is certainly well-within the 30-day timeframe from the entry of judgment ratifying the auditor's report. Therefore, because the motion was timely pursuant to Rule 2-535(a), the court was permitted to exercise its discretion in reopening the judgment without first determining there to be fraud, mistake, or irregularity, as outlined in 2-535(b).

8

Brower contends that the court should have been required to make a finding of fraud, mistake, or irregularity because the court's order granting HUD's motion was not entered within 30 days. However, Brower misstates the rule. Rule 2-535 mandates that the party's motion be filed within 30 days, not that the court must adjudicate the motion and exercise its revisory powers within that timeframe. As we have explained, HUD's motion was filed within the requisite timeframe permitting the court to reopen judgment. The court did not abuse its discretion in granting the motion and permitting HUD to intervene and submit a claim for the surplus.

## III. THE CIRCUIT COURT DID NOT ERR IN GRANTING HUD'S MOTION DUE TO EQUITABLE CONSIDERATIONS.

Finally, Brower argues that even if HUD's motion to reopen was to be considered as a motion to revise the judgment, the court's grant was still improper as a matter of law. According to Brower, the court "arbitrarily" examined equitable considerations instead of applying the plain language of Rule 14-216 and disallowing the untimely claim, which ultimately resulted in prejudice to him. Put differently, Brower argues that the court erred in considering the "nature of the claim."

A circuit court's decision about whether to revise a judgment pursuant to Maryland Rule 2-535 is "an equitable consideration within its sound discretion." *Tyrone W. v. Danielle R.*, 129 Md. App. 260, 281 (1999). Courts are to exercise that discretion liberally "to ensure that technicality does not triumph over justice[.]" *Dixon v. Ford Motor Co.*, 433 Md. 137, 157 (2013) (quoting *S. Mgmt. Corp.*, 378 Md. at 494).

9

As the circuit court noted in its findings, Brower received the benefit of an eight-year, interest free loan from HUD to cure his default and avoid foreclosure on his residential property. The obligation to repay that loan was triggered by the later foreclosure sale, pursuant to the terms of the loan contract. Brower does not dispute that he owes the money pursuant to the loan. The circuit court also found significant the timing of the events, noting that the failing by HUD was only eight days, and the ratification of the auditor's report took place more quickly than usual. The court found that, given the lack of dispute that money was owed and the short time frame in which HUD sought to intervene, there was no prejudice to Brower in granting the motion to intervene. We discern no error in that conclusion.

**JUDGMENTS OF THE CIRCUIT COURT FOR WORCESTER COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**